# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRIAN JAFFE LEWIS,<br><br>                Plaintiff,<br><br>v.<br><br>EL PASO VETERANS AFFAIR HEALTH CARE SYSTEM, HOSPITALS OF PROVIDENCE, DR. GETHIN WILLIAM, and DR. VING SINGH,<br><br>                Defendants. | Case No. 21-CV-852-JPS<br><br>**ORDER** |

Plaintiff Brian Jaffe Lewis, proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a plaintiff to proceed without paying the $402 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). Then, the Court must dismiss the action if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

1.     **MOTION TO PROCEED IN FORMA PAUPERIS**

On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Plaintiff avers that he is an unemployed veteran and that he receives a total of $3,966.20 a month from the "Veterans Administration" and Social Security. (Docket #2 at 1–2). His monthly bills include a mortgage ($554.40), a credit card ($500.00), and other household expenses ($300.00), for a total monthly expenditure of $1,354.40. (*Id.* at 2). The Court finds that Plaintiff is not indigent and will deny Plaintiff's motion for leave to proceed *in forma pauperis*.

**2.     COMPLAINT SCREENING**

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that he is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

3.  **RELEVANT ALLEGATIONS**

The Court draws most of the procedural history of this litigation from the dockets of other courts at which Plaintiff has sought relief. In 2019, Plaintiff filed a case in the Eastern District of Wisconsin in which he alleged that

> On Jan[uary] 17th 2018 while being treated by an accomplice for injuries suffered in a car accident, side effects warranted an emergency visit to William Beaumont Army Medical Center, Ft. Bliss, where the emergency staff determined uncontrolled diabetes undetected for over a year. This medical malpractice happened at El Paso V.A. healthcare center and Well-med Management Company and Dr. Edward Leyva.
>
> Well-med Management Company and Dr. Edward Leyva played [a] significant part as they were treating me in the same time frame as the V.A. causing injury to this veteran. Well-Med Manage[ment] Company and Dr. Edward Leyva did not follow federal rules and regulations on blood analysis and tried to cover-up and punish this veteran.

*Lewis v. Veterans Affs. Healthcare Sys.*, No. 19-CV-667-PP, 2020 WL 1558139, at *1 (E.D. Wis. Feb. 5, 2020). On February 5, 2020, District Judge Pamela Pepper transferred the case to the United States District Court for the Western District of Texas. *Id.* at *5. On February 23, 2021, the Western District of Texas dismissed Plaintiff's case for lack of subject-matter

jurisdiction. *Lewis v. Veterans Affs. Healthcare Sys.*, No. 20-CV-35-FM (W.D. Tex. Feb. 23, 2021), Docket #83.

Plaintiff filed the present case on July 16, 2021. (Docket #1). In his pleadings,[1] Plaintiff alleges that the Western District of Texas and its "cronies" committed "MUTINY and TREASON" by dismissing his case. (Docket #1-1 at 1). Plaintiff contends that only Judge Pepper had the authority to decide his case. (*Id.* at 2). Plaintiff posits that the Federal Bureau of Investigation was "complicit in the mutiny and treason perpetuated upon the plaintiff." (*Id.*) (emphasis removed).

As relief, Plaintiff asks that this Court order that "the Western District of Texas[](El-Paso Division) and its cronies be investigated, tried in a court of law, convicted, and given the death penalty[](Hanged until dead)." (*Id.* at 3) (emphasis removed). Plaintiff would also like $4.2 trillion and court fees. (Docket #1 at 4).

4. **ANALYSIS**

The Court is obliged to give Plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the Court will quickly dispose of Plaintiff's case. First, the Court flatly refuses to entertain a request to impose the death penalty upon a federal judge and federal law enforcement agents for allegedly violating a jurisdictional barrier.

Second, Plaintiff's allegations are conclusory and improperly raised. Judge Pepper's order transferring Plaintiff's original case to the Western District of Texas was thoroughly reasoned under 28 U.S.C. § 1404, *see Lewis*,

---

[1] Plaintiff attaches to his pleadings a motion he filed with the Western District of Texas, (Docket #1-1), and asks that it be considered his "statement of claim," (Docket #1 at 3).

2020 WL 1558139, at *1–*5, and Plaintiff has provided no non-conclusory reason why the case should not have been transferred to the Western District of Texas. Moreover, to the extent that Plaintiff seeks reconsideration of Judge Pepper's order or that of the Western District of Texas, filing a new case is not the proper means to do so.

5.  **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for leave to proceed *in forma pauperis* will be denied, and his case will be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of July, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge